# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

## LENDEL L. CONLEY v. JO ANN CONLEY

**Appeal from the General Sessions Court for Bledsoe County**
**No. 1082      Howard L. Upchurch, Judge**

---

**No. E2004-01309-COA-R3-CV - FILED MAY 9, 2005**

---

CHARLES D. SUSANO, JR., concurring.

I write separately to further address the trial court's judgment with respect to the jurisdictional issue raised by Wife.

I agree with the majority's observation that, when the parties filed competing affidavits which were later considered by the trial court, Wife's motion was converted into one for summary judgment. *See* Tenn. R. Civ. P. 12.03. It is arguable, as the majority found, that the trial court chose to hold an "evidentiary hearing on the matter." The trial court appears to have accepted *all* of the affidavits as true, even though they contain competing facts and assertions as to where Husband was domiciled (1) when he filed his complaint for divorce, and (2) during the period of time preceding that filing. It should be noted that the parties entered into a stipulation, which the trial court also considered.

I agree with the majority that the evidence does not preponderate against the trial court's decision to deny Wife's motion to dismiss. However, I suppose the trial court's disposition of Wife's motion could be construed as a judgment made on the issue of whether Wife was entitled to summary judgment on her defense of lack of subject matter jurisdiction. Even if we view the trial court's decision as one denying summary judgment on the jurisdictional defense because of the existence of genuine issues of material fact, such an interpretation is of no particular benefit to Wife. This is because the record does not reflect that Wife aggressively sought to pursue this defense by putting on evidence to support it at the divorce hearing. Thus, regardless of whether the trial court's pre-divorce hearing was, as found by the majority, an evidentiary hearing, or simply a decision to deny summary judgment because of conflicting factual assertions, the record before us does not show that Wife is entitled to relief from us with respect to her lack of jurisdiction defense.

_____
CHARLES D. SUSANO, JR., JUDGE